UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 14-298(DSD/SER)

Sarah Kristine Tichich,

   Plaintiff,

v.                   **ORDER**

City of Bloomington; City of Cannon
Falls; City of Lakeville; City of
Maple Grove; City of Marshall;
City of Minneapolis; City of Ramsey;
City of Richfield; City of Robbinsdale;
City of Rosemount; City of St. Anthony;
City of Woodbury; Hennepin County;
Mille Lacs County; Minneapolis Park
& Recreation Board; Ramsey County;
Rice County; Sherburne County;
Wright County; Michael Campion, in
his individual capacity as the
Commissioner of the Department of
Public Safety; Ramona Dohman,
in her individual capacity as the
Commissioner of the Department of
Public Safety; John and Jane Does
(1-300) acting in their individual
capacity as supervisors, officers,
deputies, staff, investigators,
employees or agents of the other
governmental agencies; Department
of Public Safety Does (1-30) acting
in their individual capacity as
officers, supervisors, staff, employees,
independent contractors or agents of
the Minnesota Department of Public
Safety; and Entity Does (1-30)
including cities, counties,
municipalities, and other entities
sited in Minnesota,

   Defendants.

  Kenneth H. Fukuda, Esq., Lorenz F. Fett, Jr., Esq., Sonia
  L. Miller-Van Oort, Esq., Jonathan A. Strauss, Esq. and
  Sapientia Law Group PLLC, 12 South Sixth Street, Suite
  1242, Minneapolis, MN 55402, counsel for plaintiff.

Jon K. Iverson, Esq., Stephanie A. Angolkar, Esq., Susan M. Tindal, Esq. and Iverson Reuvers Condon, 9321 Ensign Avenue South, Bloomington, MN 55438; Toni A. Beitz, Esq., Beth A. Stack, Esq., Daniel D. Kaczor, Esq. and Hennepin County Attorney's Office, 300 South Sixth Street, Minneapolis, MN 55487; Erin E. Benson, Esq., Margaret A. Skelton, Esq., Timothy A. Sullivan, Esq. and Ratwik Roszak & Maloney, P.A., 730 Second Avenue South, Suite 300, Minneapolis, MN 55402; Gregory P. Sautter, Esq. and Office of the Minneapolis City Attorney, 350 South Fifth Street, Room 210, Minneapolis, MN 55415; Ann E. Walther, Esq., Daniel A. Louismet, Esq. and Rice Michels & Walther, LLP, 10 Second Street Northeast, Suite 206, Minneapolis, MN 55413; Kimberly R. Parker, Esq., Robert B. Roche, Esq. and Ramsey County Attorney's Office, 121 Seventh Place East, Suite 4500, St. Paul, MN 55101; Oliver J. Larson, Esq. and Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101, counsel for defendants.

This matter is before the court upon the motions to dismiss by defendants[1] and the motions to sever by all defendants except the Commissioner Defendants. Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motions to dismiss and denies as moot the motions to sever.

---

[1] Defendants include Hennepin County; Mille Lacs County, Ramsey County, Rice County, Sherburne County, Wright County (collectively, County Defendants); City of Bloomington, City of Cannon Falls, City of Lakeville, City of Maple Grove, City of Marshall, City of Minneapolis, City of Ramsey, City of Richfield, City of Robbinsdale, City of Rosemount, City of St. Anthony, City of Woodbury (collectively, City Defendants); Michael Campion and Ramona Dohman, acting in their individual capacities as Commissioner of the Minnesota Department of Public Safety (collectively, Commissioner Defendants); Minneapolis Park and Recreation Board (Park Board), and unknown persons and unknown entities (collectively, Unknown Defendants).

**BACKGROUND**

This privacy dispute arises out of defendants' access of the motor vehicle record of plaintiff Sarah Kristine Tichich between 2003 and 2012. Compl. ¶ 2. Tichich asserts claims against numerous counties and cities, as well as against the current and former commissioners of the Minnesota Department of Safety (DPS). This case is just one of many nearly identical cases filed in this district, three of which this court previously dismissed. See Potocnik v. Anoka Cnty., No. 13-1103, 2014 WL 683980 (D. Minn. Feb. 21, 2014); Bass v. Anoka Cnty., No. 13-860, 2014 WL 683969 (D. Minn. Feb. 21, 2014); McDonough v. Al's Auto Sales, Inc., No. 13-1889, 2014 WL 683998 (D. Minn. Feb. 21, 2014).

DPS makes drivers' motor vehicle records available to law enforcement officers through a computerized Driver and Vehicle Services (DVS) database. Compl. ¶ 48. In 2013, Tichich requested an audit of her DVS motor vehicle record from DPS. Id. ¶ 220. The audit showed that the record had been accessed 210 times from facilities maintained by defendant agencies, counties and cities. See id. ¶ 224; id. Ex. A. The record included her address, photograph, date of birth, weight, height, eye color and driver identification number. Compl. ¶ 141. Tichich alleges that there was no legitimate purpose for each access, and that the Commissioner Defendants "disclosed ... [her] [p]rivate [d]ata ... by devising and implementing ... the DVS database." Id. ¶ 184.

On January 31, 2014, Tichich filed suit, alleging claims (1) under the Driver's Privacy Protection Act (DPPA), (2) under 42 U.S.C. § 1983 and (3) for invasion of privacy. Defendants move to dismiss. All defendants except the Commissioner Defendants also move to sever.

**DISCUSSION**

**I. Standard of Review**

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

**II. DPPA Claims**

Tichich first asserts a claim against all defendants for violations of the DPPA. The DPPA provides that "[i]t shall be unlawful for any person knowingly to obtain or disclose personal information,[2] from a motor vehicle record, for any use not permitted under section 2721(b)[3] of this title." 18 U.S.C. § 2722. Under the DPPA, any "person[4] who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains." Id. § 2724(a). Tichich alleges that all defendants either obtained or disclosed her information without a permitted purpose.

**A.  Statute of Limitations**

Defendants first argue that some of the DPPA claims are time-barred. Because the DPPA does not contain a statute of

---

[2] The DPPA defines "personal information" as including "an individual's photograph, social security number, driver identification number, name, address ..., telephone number, and medical or disability information." 18 U.S.C. § 2725(3).

[3] Section 2721(b) provides that permissible uses include, but are not limited to: court and law enforcement functions, motor vehicle or driver safety or monitoring, certain conduct of legitimate businesses, research activities, production of statistical reports, insurance-related purposes, private investigative agency or security service activities and bulk distribution of surveys and marketing materials. 18 U.S.C. § 2721(b).

[4] A "person" includes "an individual, organization or entity, but does not include a State or agency thereof." 18 U.S.C. § 2725(2).

limitations, the general four-year federal statute of limitations applies. See 28 U.S.C. § 1658(a) ("Except as otherwise provided by law, a civil action arising under an Act of Congress ... may not be commenced later than 4 years after the cause of action accrues."). The parties dispute, however, when a DPPA cause of action accrues. Defendants argue that the court should adopt "[t]he general rule concerning statutes of limitation[, which] is that a cause of action accrues when the wrong occurs and a party sustains injuries for which relief could be sought." Ridenour v. Boehringer Ingelheim Pharms., Inc., 679 F.3d 1062, 1065 (8th Cir. 2012) (first alteration in original) (citations and internal quotation marks omitted). Tichich responds that the "discovery rule" applies, and that "the statutory period of limitations is tolled until the injured party discovers or reasonably should have discovered facts supporting a cause of action." Id. (citations omitted).

Although the Eighth Circuit is silent on when a DPPA cause of action accrues, courts in this district hold that the general accrual rule applies to the DPPA. See, e.g., Potocnik, 2014 WL 683980, at *2; Rasmusson v. Chisago Cnty., No. 12-632, 2014 WL 107067, at *12 (D. Minn. Jan. 10, 2014); Kost v. Hunt, 983 F. Supp. 2d. 1121, 1127-28 (D. Minn. 2013). In Kost, Judge Ericksen considered relevant precedent as well as textual, historical and equitable arguments before applying the general accrual rule to DPPA claims. 983 F. Supp. 2d at 1126-28. The court finds Kost

persuasive and again adopts its reasoning in applying the general accrual rule.[5]

Tichich also implicitly argues that the court should apply the doctrine of equitable tolling, which would allow her to maintain otherwise time-barred claims if inequitable circumstances prevented her from filing sooner. See Kost, 983 F. Supp. 2d at 1130; see also Kampschroer v. Anoka Cnty., No. 13-2512, 2014 WL 3013101, at *6-7 (D. Minn. July 3, 2014) (finding that plaintiff adequately pled equitable tolling by alleging that she was lulled into inaction after DPS allegedly incorrectly informed her that only one person accessed her information and that it had taken steps to prevent such future conduct). In support, Tichich states that "DPS affirmatively misrepresented to [her] the scope of the violations ... [and] refused her specific request for information on the subject ...." ECF No. 77 at 21. The complaint, however, contains

---

[5] Tichich also argues that, even if the general accrual rule otherwise applies, the court should apply the discovery rule because defendants fraudulently concealed their activities. In some situations, "fraudulent concealment of information material to a non-fraud claim will toll a limitations period." Abbotts v. Campbell, 551 F.3d 802, 805-06 (8th Cir. 2008) (citation omitted). However, "[u]nder Rule 9(b)'s heightened pleading standard, allegations of fraud, including fraudulent concealment for tolling purposes, [must] be pleaded with particularity." Summerhill v. Terminix, Inc., 637 F.3d 877, 880 (8th Cir. 2011) (second alteration in original) (citation and internal quotation marks omitted). Here, Tichich has not pleaded fraudulent concealment, let alone pleaded it with the requisite particularity. As a result, the allegations of fraudulent concealment are not properly before the court, and this argument is unavailing.

no such allegations.[6] Thus, there is no basis to equitably toll the limitations period. As a result, all claims relating to conduct before January 31, 2010 — four years before Tichich commenced this suit — are time-barred, and dismissal of those claims is warranted.

**B.   Claims Against Commissioners**

As to the timely claims, Tichich first alleges DPPA claims against the Commissioner Defendants. Tichich does not allege, however, that the Commissioner Defendants personally obtained the record or personally communicated such information to others. Rather, Tichich alleges that the Commissioner Defendants created, maintained and inadequately monitored the DVS database, thereby facilitating others' improper access to the record. Tichich argues that these allegations support a finding of liability.

To be liable under the DPPA, however, "the Commissioners *themselves* must have acted with ... a[n impermissible] purpose." Nelson v. Jesson, No. 13-340, 2013 WL 5888235, at *3 (D. Minn. Nov. 1, 2013) (emphasis in original). In other words, the DPPA does not impose liability on one who indirectly facilitates *another's* access of a motor vehicle record by maintaining an electronic database. See id.; see also Kiminski v. Hunt, Nos. 13-185, 13-208, 13-286, 13-358, 13-389, 2013 WL 6872425, at *9 (D. Minn. Sept. 20, 2013)

---

[6] Tichich appears to be referencing allegations in another matter because she cites to paragraph 435 of the complaint, which does not exist.

("But the provision[s of the DPPA] may not be stretched to the point of rewriting .... so [that the statute] reaches others at a state agency who gave the officer database access for a legitimate purpose, merely because they did so in a negligent manner."); McDonough, 2014 WL 683998, at *3 (same).  Tichich has not pleaded that the Commissioner Defendants acted with an impermissible purpose.  Moreover, unlike other statutes, the DPPA does not expressly create a private right of action for mismanagement of records, and the court declines to recognize one here.  See Kiminski, 2013 WL 6872425, at *9 (observing that, unlike the DPPA, the Internal Revenue Code explicitly allows private damages claims for negligent disclosures of confidential information).

Tichich acknowledges Kiminski and the court's prior orders in Bass, Potocnik, and McDonough, but argues that her claims survive dismissal because she alleges that the Commissioner Defendants failed to make any "reasonable effort [or] direct[] any subordinate to make any reasonable effort to require that the specified purpose of the disclosure was legitimate and would be adhered to by the person [accessing the data]."  Compl. ¶ 151.[7]  In other words,

---

[7] Tichich cites to paragraph 340 for this language, but it is found in paragraph 151.  She appears to again be referencing a different complaint.  See also ECF No. 93 at 28-29 (referring to plaintiff as Jennifer Heglund - a plaintiff in a separate matter - and directing the court to paragraphs in the complaint that do not exist).  The court understands how such errors could be made given the volume of cases initiated by Tichich's counsel, but urges counsel to be more careful in future submissions.

Tichich argues that because the Commissioner Defendants did not ensure the propriety of each disclosure, they acted negligently and can be held liable under the DPPA. "The problem for [Tichich], though, is that the DPPA does not impose a duty of care of the commissioners." Potocnik v. Carlson, No. 13-2093, 2014 WL 1206403, at *6 (D. Minn. Mar. 24, 2014). Absent such a duty, Tichich's theory fails as a matter of law. As a result, dismissal of the DPPA claims against the Commissioner Defendants is warranted.

**C.   Claims Against Remaining City and County Defendants**

As to the remaining claims, Tichich alleges that defendants accessed her motor vehicle record "for a purpose not permitted under the DPPA." Compl. ¶ 289. Defendants respond that such allegations are insufficient to state a claim under Iqbal and Twombly. The court agrees.

Under the DPPA, the plaintiff has the burden of pleading that a defendant accessed a motor vehicle record with an impermissible purpose. See Maracich v. Spears, 675 F.3d 281, 299-300 (4th Cir. 2012), vacated on other grounds, 133 S. Ct. 2191 (2013); Howard v. Criminal Info. Servs., Inc., 654 F.3d 887, 890-91 (9th Cir. 2011); Thomas v. George, Hartz, Lundeen, Fulmer, Johnstone, King, & Stevens, P.A., 525 F.3d 1107, 1113-14 (11th Cir. 2008). Here, Tichich baldly states that "[n]one of the [i]ndividual [d]efendants' activities fell within the DPPA's permitted exceptions for procurement of Tichich's information." Compl.

10

¶ 290.  Tichich thus asks the court to speculate and conclude — solely from the number of times defendants allegedly accessed the record, the fact that her data was sometimes accessed at odd hours[8] and her unblemished criminal record — that the purposes of law enforcement personnel were impermissible.  As already explained, however, "labels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim.  Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).  Although at this stage in the proceedings, Tichich is entitled to the benefit of all reasonable inferences, "a reasonable inference is one which may be drawn from the evidence *without resort to speculation*."  Kinserlow v. CMI Corp., 217 F.3d 1021, 1026 (8th Cir. 2000) (emphasis added) (citation and internal quotation marks omitted).

Tichich argues that her complaint is bolstered because she competed in beauty pageants for many years, winning the Mrs. Minnesota crown in 2007.  Compl. ¶¶ 44-47.  This allegation, however, does not raise her claims above the speculative level, because Tichich does nothing to connect her allegations of celebrity to the conduct at issue.  See Mitchell, 2014 WL 835129, at *2, 8 (dismissing DPPA claim brought by news anchor because her

---

[8] Very few timely acquisitions of Tichich's data occurred in the early morning.  Compl. Ex. A, at 6.  In any event, timing is irrelevant because "police work is not confined to a typical workday."  Ray v. Anoka Cnty, No. 14-539, 2014 WL 2511087, at *5 n.5 (D. Minn. June 4, 2014).

11

allegations did not provide any "indication of a connection or interaction between an identifiable law enforcement officer and the plaintiff, from which the asserted impropriety of the officer's retrieval of the plaintiff's data can be plausibly inferred"); Ray, 2014 WL 2511087, at *5 (dismissing DPPA claims because the allegations provided "no basis to infer that any officers in the remaining jurisdictions have any personal connection to or interest in [plaintiff]"). But see Heglund v. Aitkin Cnty., No. 14-296, 2014 WL 3630779, at *7 (D. Minn. July 22, 2014) (finding a plausible claim where plaintiff was a law enforcement officer in the county with the most look-ups, she had been harassed by her ex-husband - who is also a law enforcement officer with access to the database - and her current husband's record was simultaneously accessed); Smythe v. City of Onamia, No. 12-03149, 2013 WL 2443849, at *6 (D. Minn. June 5, 2013) (concluding that plaintiff plausibly stated a DPPA claim because he alleged in detail a "long and contentious history" between himself and the person solely responsible for accessing his data).

Moreover, "in the absence of clear evidence to the contrary, courts presume that [public officers] have properly discharged their official duties." United States v. Chem. Found., Inc., 272 U.S. 1, 14-15 (1926) (citations omitted), cited with approval in Wilburn v. Astrue, 626 F.3d 999, 1003-04 (8th Cir. 2010); cf. United States v. Eklund, 733 F.2d 1287, 1294 (8th Cir. 1984)

12

(noting that the court was "unwilling to infer improper motivation" of government officials given the presumption of regularity). Further, the legislative history of the DPPA indicates that Congress intended to preserve broad discretion for government entities and agents in accessing motor vehicle records. See Kost, 2013 WL 6048921, at *11-12. As a result, the court will not infer from bare, conclusory allegations that defendants' purposes were improper. See Lancaster v. City of Pleasanton, No. C-12-05267, 2013 WL 5182949, at *3-4 (N.D. Cal. Sept. 13, 2013) (dismissing DPPA claim as insufficiently detailed to satisfy Rule 8(a) pleading requirements). Therefore, Tichich has not adequately pleaded the DPPA claims under Twombly and Iqbal, and dismissal of the remaining timely DPPA claims is warranted.

### III.  Section 1983 Claims

Tichich next alleges § 1983 claims, arguing that defendants violated her Fourth and Fourteenth Amendment rights by accessing her information or allowing others to do so. Claims under § 1983 require that defendants acted under color of state law and that their conduct resulted in a denial of rights secured by the United States Constitution or by federal law. Scheeler v. City of St. Cloud, Minn., 402 F.3d 826, 830 (8th Cir. 2005). Section 1983 is not an independent source of rights, and a complaint must allege a

13

deprivation of a specific right, privilege or immunity. <u>Morton v. Becker</u>, 793 F.2d 185, 187 (8th Cir. 1986). Defendants argue that they did not violate any constitutional or statutory right.

Tichich alleges that defendants violated her constitutional right to privacy and her constitutional right to be free from unreasonable search, and that the City Defendants are vicariously liable for the unconstitutional acts of their employees. The court has previously determined that claims under § 1983 are "unavailable for violations of any statutory or constitutional rights under facts analogous to those alleged in the complaint." <u>Mitchell</u>, 2014 WL 835129, at *9; <u>accord</u> <u>Kiminski</u>, 2013 WL 6872425, at *14, <u>Potocnik</u>, 2014 WL 683980, at *6. There are no allegations unique to Tichich that affect this determination.

To the extent Tichich alleges a claim against the City Defendants under for an unconstitutional policy or custom under <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978), that claim also fails because, as discussed, there are no viable underlying claims. <u>See</u> <u>Abbott v. City of Crocker</u>, 30 F.3d 994, 998 (8th Cir. 1994) (holding that a municipality may not be held liable for its employees' conduct unless the employees are "found liable on the underlying substantive claim"), <u>abrogated on other grounds by Engleman v. Deputy Murray</u>, 546 F.3d 944 (8th Cir. 2008). As a result, the claims under § 1983 fail, and dismissal is warranted.

**IV. Invasion of Privacy Claim**

Tichich next alleges claims for invasion of privacy. Specifically, Tichich argues that defendants intruded upon her seclusion. Under Minnesota law, intrusion upon seclusion occurs when one "intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns ... if the intrusion would be highly offensive to a reasonable person." Lake v. Wal-Mart Stores, Inc., 582 N.W.2d 231, 233 (Minn. 1998) (alteration in original) (citation and internal quotation marks omitted). The court already has determined in these cases that obtaining motor vehicle records is insufficient to meet the "high threshold of offensiveness and expectation of privacy."[9] Rasmusson, 2014 WL 107067, at *9; accord Bass, 2014 WL 683969, at *7; Mallak v. Aitkin Cnty., No. 13-2119, 2014 WL 1285807, at *13–14 (D. Minn. Mar. 31, 2014). For these same reasons, the claim for intrusion upon seclusion fails here, and dismissal is warranted.

---

[9] Intrusion upon seclusion is subject to the two-year statute of limitations for torts resulting in personal injury. Hough v. Shakopee Pub. Schs., 608 F. Supp. 2d 1087, 1118 (D. Minn. 2009). Thus, even if viable, Tichich's claim would be time barred because all of the alleged accesses occurred outside the statute of limitations.

**V.   Severance**

Finally, all defendants save the Commissioner Defendants move for severance pursuant to Rule 20.  Because the court has determined that Tichich fails to state a claim against defendants, the motions to sever are denied as moot.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.   The motions to dismiss [ECF Nos. 15, 17, 20, 26, 43, 50, 63] are granted;

2.   The motions to sever [ECF Nos. 15, 17, 20, 26, 43, 50] are denied as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 12, 2014

s/David S. Doty
David S. Doty, Judge
United States District Court
